IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AARON ABADI                                                                                          PLAINTIFF

V.                                    CASE NO. 5:25-CV-5259

WALMART, INC. and
WALMART STORES EAST, LP                                                                DEFENDANTS

## ORDER

On December 30, 2025, the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, performed an initial screening of the Complaint pursuant to 28 U.S.C. § 1915 and issued a Report and Recommendation ("R&R") (Doc. 8) finding that the case should be dismissed. On January 7, 2026, Plaintiff filed Objections to the R&R (Doc. 9), which triggered this Court's *de novo* review of the record.

Plaintiff's first objection is that the R&R mischaracterized his prior litigation history. He contends that "[t]hese distinctions matter at the screening stage" and that the R&R's incorrect "repeated framing of Plaintiff's [prior] cases . . . obscures the core allegation running through Plaintiff's pleadings . . . ." (Doc. 9, p. 3). First, the Court finds the Magistrate Judge's summary of Plaintiff's prior lawsuits is accurate. Second, to the extent Plaintiff is concerned that the preservice dismissal of the instant claims rests on the R&R's narrative summary of his prior cases, he is mistaken. The Court has undertaken a *de novo* review of the instant claims.

Next, Plaintiff objects to the R&R's finding that he failed to establish a basis for diversity jurisdiction over his state law claims because the amount in controversy does

1

not plausibly meet the jurisdictional minimum of $75,000. Having reviewed these claims, the Court agrees with the Magistrate Judge that they fail to state facts sufficient to establish that the jurisdictional minimum has been met to a legal certainty.

Plaintiff also objects to the dismissal of his state law claims due to the expiration of the relevant statute of limitations. He maintains that, if given a further opportunity to plead, he could assert sufficient facts to justify tolling the three-year limitations period for negligence under Arkansas law. First, the Court finds that the Complaint, as written, fails to assert any facts that would indicate the statute of limitations should be tolled. Second, as no federal claims survive preservice screening, there must be an independent basis for the Court's subject matter jurisdiction over any remaining state law claims, and, as previously stated, no independent basis exists.

Finally, Plaintiff disagrees with the Magistrate Judge that his retaliation claims under the Americans with Disabilities Act should be dismissed. Having reviewed the claims, the Court finds that the R&R's reasoning and conclusions are sound and are therefore adopted in their entirety. *See* Doc. 8, pp. 5–8. As for Plaintiff's observation that the R&R did not thoroughly discuss each and every factual allegation he asserted in his lengthy Complaint, *see* Doc. 9, ¶¶. 6–7, this objection is of no moment. The R&R's factual recitation was sufficient to explain why all claims should be dismissed on preservice screening.

**IT IS ORDERED** that the Objections are **OVERRULED** and the R&R is **ADOPTED IN ITS ENTIRETY**. The case is **DISMISSED WITHOUT PREJUDICE** on preservice screening under 28 U.S.C. § 1915(e) for the reasons stated in the R&R.

**IT IS SO ORDERED** on this 12th day of February, 2026.

            */s/ Timothy L. Brooks*
            TIMOTHY L. BROOKS
            CHIEF UNITED STATES DISTRICT JUDGE